IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KUATEZ LEWIS, # 291535,              )
                                     )
            Petitioner,              )
                                     )
      v.                             )        Civil Action No. 2:17cv65-MHT
                                     )               [WO]
EDWARD ELLINGTON, *et al.*,          )
                                     )
            Respondents.             )

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

## I.  INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Kuatez Lewis ("Lewis") on February 3, 2017.

Doc. # 1.[1]  Lewis challenges his guilty plea convictions and resulting sentence entered by

the Montgomery County Circuit Court for the offenses of attempted kidnapping in the first

degree, attempted rape in the first degree, and robbery in the third degree.  He presents

claims that (1) his trial counsel provided ineffective assistance; (2) the State failed to give

him sufficient notice that it was amending a first-rape charge to attempted first-degree rape;

(3) the trial court failed to wait three days after he signed the plea agreement before

accepting his guilty pleas; and (4) no evidence was presented to support his convictions.

Doc. # 1 at 5–8; Doc. # 17 (Amendment to Petition) at 5.  The respondents argue that

---

[1] References to document numbers (Doc(s). #) are to the pleadings, motions, and other materials in the court
file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page
of the electronically filed document in the court's CM/ECF filing system, which may not correspond to
pagination on the "hard copy" of the document presented for filing.

Lewis's petition is time-barred by the one-year federal limitation period.  *See* 28 U.S.C. § 2244(d).  Doc. # 11 at 3.  The court agrees with the respondents and finds that Lewis's petition should be denied without an evidentiary hearing.

## II.   DISCUSSION

### A.   AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.      Lewis's State Court Proceedings**

On August 7, 2013, Lewis pled guilty in the Montgomery County Circuit Court to the offenses of attempted kidnapping in the first degree, attempted rape in the first degree, and robbery in the third degree. *See* Doc. # 1 at 1. On September 19, 2013, the trial court sentenced Lewis to a total of 20 years in prison, split with 4 years to serve in incarceration followed by 5 years' probation. *Id*. Lewis took no direct appeal.

On October 13, 2016, Lewis filed a *pro se* petition in the trial court seeking post-conviction relief from his convictions and sentence under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. # 11-1 at 5–16; *see* Doc. # 11-2 at 1. Lewis's Rule 32 petition was accompanied by an application to proceed *in forma pauperis* ("IFP"). Doc. # 11-1 at 1–4. The trial court denied Lewis's IFP application on October 27, 2016, apparently finding Lewis had sufficient funds to pay the filing fee because he received total deposits of $971 in the previous 12 months. Doc. # 11–3; *see* Doc. # 11-1 at 4. Lewis's Rule 32 petition filed on October 13, 2016, proceeded no further.

In March 2017, after Lewis filed this § 2254 petition, Lewis filed another Rule 32 petition in the trial court. *See* Docket of Montgomery County Circuit Court Case No. CC-2013-680.61 (available AlacourtACCESS, https://v2.alacourt.com/ ). The trial court summarily denied that Rule 32 petition in May 2017. Lewis appealed, and on October 16, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment on the ground that the Rule 32 petition was time-barred under Rule 32.2(c) of the Alabama Rules of Criminal Procedure.

**C.      Analysis of Timeliness of Lewis's § 2254 Petition**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).  Under Alabama law, Lewis had 42 days from sentencing to file a direct appeal.  *See* Ala.R.App.P. 4(b).  When Lewis did not appeal after 42 days, "the time for seeking [direct] review" expired.  *See* 28 U.S.C. § 2244(d)(1)(A).  Therefore, AEDPA's one-year limitation period for Lewis to file a § 2254 petition began to run on October 31, 2013, i.e., 42 days after his September 19, 2013 sentencing.  S*ee Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006).  Absent some tolling event, statutory or equitable, the federal limitation period expired on October 31, 2014.

<u>Statutory Tolling</u>

Although 28 U.S.C. § 2244(d)(2) provides that AEDPA's limitation period shall be tolled during the pendency of state court proceedings on a properly filed post-conviction petition for collateral review, Lewis did not file his Rule 32 petition until October 13, 2016.  By that time, AEDPA's limitation period had expired by running unabated from October 31, 2013, through October 31, 2014.  Because a Rule 32 petition does not toll the federal limitation period if that period has expired prior to filing the Rule 32 petition, Lewis's Rule 32 petition had no tolling effect under § 2244(d)(2).  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.").  What is more, Lewis's Rule 32 petition was not a

4

"properly filed" post-conviction petition for purposes of tolling under § 2244(d)(2), because Lewis's IFP application was denied and he submitted no filing fee for the petition before it was dismissed.[2]

Much the same is true of Lewis's Rule 32 petition filed in March 2017. The filing of that petition had no tolling effect under § 2244(d)(2) because it was filed well after AEDPA's limitation period had expired. *See Moore*, 321 F.3d at 1381. Moreover, the petition was not a "properly filed" post-conviction petition for purposes of § 2244(d)(2) tolling because the state courts deemed the petition to be time-barred under a state procedural rule, Ala.R.Crim.P. 32.2(c).[3]

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Lewis by affording a different triggering date such that AEDPA's limitation period commenced on some date later than October 31, 2013, or expired on some date later than October 31, 2014. There is no evidence that an unlawful state action impeded Lewis from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Lewis submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Lewis also presents no claim resting on a "right [that] has been

---

[2] Federal district courts have recognized that a state court application for post-conviction relief is not "properly filed" in such circumstances. *See Kimber v. Jones*, 2013 WL 1346742, *3–5 (N.D. Ala. 2013); *Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. 2009); *Bailey v. Barrow*, 2005 WL 2397813, *3-4 (S.D. Ga. 2005); *Chilton v. Kelly*, 2012 WL 5423839, *2 (E.D. Va. 2012).

[3] A Rule 32 petition that is time-barred under the one-year limitation period in Ala. R. Crim. P. 32.2(c) is not a "properly filed" state post-conviction petition for tolling purposes under § 2244(d)(2). *Turner v. Boyd*, 2010 WL 3724359, at *9 (M.D. Ala.), report and recommendation adopted, 2010 WL 3724030 (M.D. Ala. 2010); *Lightfoot v. Carter*, 2018 WL 3800250, at *4 (N.D. Ala.), report and recommendation adopted sub nom. *Lightfoot v. Cater*, 2018 WL 3795236 (N.D. Ala. 2018). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414–17 (2005).

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

For the reason discussed above, the court finds that Lewis untimely filed his § 2254 petition after AEDPA's one-year limitation period expired.

## Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Lewis appears to suggest that the untimeliness of his § 2254 petition is attributable to the trial court's ruling denying his IFP application on his Rule 32 petition, which prevented him from litigating his Rule 32 petition in the state courts. Doc. # 1 at 13. However, the trial court's ruling on the IFP application accompanying Lewis's Rule 32 petition occurred in October 2106, almost two years after AEDPA's limitation had expired for Lewis. For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see*

6

*Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005).  Lewis cannot demonstrate a causal connection between an event that occurred almost two years after the expiration of AEDPA's limitation period and his filing of a time-barred § 2254 petition in this court. Therefore, he is not entitled to equitable tolling on the basis he asserts.

The AEDPA limitation period for Lewis to file a § 2254 petition expired on October 31, 2014.  However, Lewis filed his petition on February 3, 2017.  Lewis demonstrates no basis for equitable tolling in his case.  Lewis's § 2254 petition is time-barred and his claims are not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation or before **February 11, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1;

*Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

DONE this 28th day of January, 2019.


___/s/  Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISRATE JUDGE